O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARMEL NORWOOD, ) | Case No. CV 07-06946-MLG |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of the ) Social Security ) Administration, ) | |
| Defendant. ) | |

Plaintiff Carmel Norwood ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for Widow's Insurance Benefits[1] and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

I. **Factual and Procedural Background**

Plaintiff was born on July 12, 1944. (Administrative Record ("AR") at 84, 629). She has a high school education and relevant work

---

[1] Plaintiff applied for widow's benefits based on her deceased husband's social security record. (AR at 84-85).

experience as an administrative clerk and telemarketer. (AR at 542-43, 629).

In June 1997, Plaintiff filed applications for Widow's Insurance Benefits and SSI alleging that she has been disabled and unable to work since February 1, 1991, due to depression, vision problems, and pain in her stomach, chest, back, right leg and right knee. (AR 84-85, 89, 98, 100, 102, 110, 150, 536). Plaintiff's applications were denied initially and upon reconsideration. (AR 71-75, 77-80, 536).

At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Walter J. Fisher ("ALJ Fisher"). (AR at 37-61). On April 16, 1999, ALJ Fisher issued a decision ("Decision #1") denying Plaintiff's requests for benefits. (AR at 328-37). The Appeals Council denied review. (AR at 5-6).

Plaintiff commenced an action seeking review in this Court. On July 26, 2002, this Court remanded the case to the Commissioner for further consideration of medical evidence concerning Plaintiff's mental impairment. *Norwood v. Apfel*, No. CV 00-10092 (MLG); (AR at 344-54).

A supplemental hearing was conducted. (AR at 505-32). On May 9, 2005, ALJ Fisher issued a decision ("Decision #2") denying Plaintiff's requests for benefits. (AR at 306-11). The Appeals Council denied review. (AR at 296-98). Once again, Plaintiff sought review in this Court. On October 25, 2006, pursuant to a stipulation by the parties, this Court remanded the case to the Commissioner for further consideration of the opinions of Plaintiff's treating and examining psychiatrists. *Norwood v. Barnhart*, No. CV 05-8738-MLG; (AR at 556-58).

On June 27, 2007, an administrative hearing was held before Administrative Law Judge Mary L. Everstine ("ALJ Everstine"). (AR at 626-48). On August 8, 2007, ALJ Everstine issued a decision ("Decision

#3") concluding that Plaintiff was not disabled. (AR at 536-45). ALJ Everstine found that Plaintiff had not engaged in substantial gainful activity since February 1, 1991, and that Plaintiff suffers from emphysema and a history of alcohol abuse in remission, but that Plaintiff's mental condition was not severe because it did not meet the twelve month durational requirement. (AR at 538, 540 (citing Social Security Ruling 82-52 ("In considering 'duration,' it is the inability to engage in [substantial gainful activity] that must last the required 12-month period")); *see also* 42 U.S.C. § 1382c(a)(3)(A). ALJ Everstine found that Plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 541). ALJ Everstine assessed Plaintiff with the residual functional capacity for work at all levels of exertion, but found that Plaintiff should avoid unprotected heights, hazardous machinery, and concentrated exposure to dust, fumes or other respiratory irritants. (AR at 541). ALJ Evertstine concluded that Plaintiff remained capable of performing her past relevant work as an administrative clerk and telemarketer during the period at issue in this case, February 1, 1991, through July 11, 2004.[2] (AR at 542). In addition, ALJ Everstine found that Plaintiff was able to perform other work such as food packer, weigher/food product, kitchen helper, and sandwich maker. (AR at 544).

On November 5, 2007, Plaintiff commenced this action for judicial review. Plaintiff contends that ALJ Everstine erred by disregarding the opinion of her treating psychiatrist, Sohini Parikh, M.D. (Joint Stipulation at 4-9, 11-13). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative

---

[2] Plaintiff began receiving widow's benefits in July 2004 when she reached age 60. (AR at 536).

proceedings. (Joint Stipulation at 13). The Commissioner requests that Decision #3 be affirmed. (AR at 14). The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision should be upheld if it is free from legal error and supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence means "more than a mere scintilla," *Richardson*, 402 U.S. at 402, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n.10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick*, 157 F.3d at 720. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

## III. Discussion

### A. Plaintiff's Mental Impairment

Plaintiff contends that ALJ Everstine erred by rejecting the opinion of her treating psychiatrist at the Augustus F. Hawkins Mental Health Center, Sohini Parikh, M.D. (Joint Stipulation at 4-9, 11-13).

4

In March 1998, Plaintiff went to the Augustus F. Hawkins Mental Health Center with complaints of depression, fatigue, and lack of energy.[3] (AR at 271-74). Plaintiff's mood was "blue" and she had a tearful affect. (AR at 271). Plaintiff was diagnosed with depressive disorder not otherwise specified (Diagnostic and Statistical Manual of Mental Disorders (4th ed.) ("DSM-IV") code 311, and rule out major depressive disorder without psychotic features (DSM-IV code 296.33). (AR at 271). Plaintiff was assessed with a Global Assessment of Functioning ("GAF") scale of 60, indicating moderate symptoms or moderate difficulty in social, occupational, or school functioning. DSM-IV at 32.

Dr. Parikh began treating Plaintiff in April 1998. (AR at 269). Dr. Parikh noted that Plaintiff was experiencing depression, fatigue, and appetite and sleep disturbances. (AR at 267). After diagnosing Plaintiff with depressive disorder NOS (DSM-IV code 311), substance induced anxiety disorder (DSM-IV code 292.89) and rule out major depressive disorder, recurrent (DSM-IV code 296.30), Dr. Parikh prescribed an antidepressant medication (nefazodone). (AR at 267). Plaintiff returned to Dr. Parikh later that same month with complaints of agitation. (AR at 256). Dr. Parikh concluded that Plaintiff was suffering from major depressive disorder, and began prescribing Zoloft (indicated for the treatment of major depression). (AR at 256-57). Plaintiff saw Dr. Parikh for treatment in May 1998, June 1998, July 1998, and September 1998. (AR at 251-55). Dr. Parikh noted Plaintiff's subjective complaints of depression, forgetfulness, and pain from arthritis. (AR at 251-54). Dr.

---

[3] The Court notes that there is evidence in the record that Plaintiff received some treatment at Augustus F. Hawkins Mental Health Center prior to 1998, including emergency psychiatric treatment in July 1991, outpatient psychiatric treatment in July 1995, and inpatient psychiatric treatment in 1993 or 1994. (AR at 260, 267, 286).

Parikh continued to prescribe Zoloft. (AR at 251-55).

Although the record does not contain treatment notes from Dr. Parikh dated after September 1998, the record does contain other evidence showing that Dr. Parikh continued to treat Plaintiff. (AR at 285, 294). For example, in a June 1999 letter, Dr. Parikh verified that Plaintiff was receiving outpatient psychiatric treatment at the Augustus F. Hawkins Mental Health Center. (AR at 294). Dr. Parikh diagnosed Plaintiff with major depressive disorder, recurrent, unspecified, and concluded that Plaintiff was not able to work at that time. (AR at 295). In September 1999, Dr. Parikh completed a Medical Assessment Form (Mental) and an Evaluation Form of Mental Disorders. (AR at 285-93). Dr. Parikh indicated that Plaintiff had last been examined at the Augustus F. Hawkins Mental Health Center in August 1999. (AR at 285). Dr. Parikh opined that Plaintiff's ability to work was restricted by her depression, sleep disturbances, impaired insight, impaired memory, poor coping mechanisms, and questionable impulse control. (AR 285, 289, 295). Dr. Parikh found that Plaintiff had only a "fair" ability to: follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and/or concentration, behave in an emotionally stable manner, and relate predictably in social situations. (AR 292-94). Dr. Parikh further found that Plaintiff's ability to maintain persistent pace throughout the workday and understand, remember, and carry out simple and complex job instructions was "poor." (AR 292).

ALJ Everstine reviewed Dr. Parikh's findings and opinion in Decision #3 before rejecting them. (AR at 539-40). While Dr. Parikh's opinion may not have been conclusive on the ultimate issue of

disability, *see Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), ALJ Everstine did not state adequate reasons for rejecting a treating physician's opinion. *See Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007) (a treating physician's opinion must be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence in the record); *see also Benton ex. rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003) (explaining that even if a treating physician's opinion is contradicted by other medical evidence, an ALJ may not reject the treating physician's opinion without providing "specific and legitimate reasons" for doing so that are supported by "substantial evidence in the record"); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)). For example, ALJ Everstine stated that "Dr. Parikh acknowledges that the claimant had only 2 months of treatment in 1998, one year before his opinion was rendered." (AR at 539). This reason is not only a misinterpretation of Dr. Parikh's opinion, but it is also belied by the record. As noted above, Dr. Parikh's treatment records show that he examined Plaintiff in April 1998, May 1998, June 1998, July 1998, and September 1998. (AR at 251-56, 267, 269, 294). Dr. Parikh also reported that Plaintiff continued to receive psychiatric treatment at the Augustus F. Hawkins Mental Health Center through August 1999. (AR at 285, 294).

Next, ALJ Everstine found that Dr. Parikh assessed Plaintiff with significant mental functional abilities. (AR at 539). In particular, ALJ Everstine noted that in September 1999, Dr. Parikh reported that Plaintiff's "concentration was in tact, she denied suicidal and homicidal ideations, she denied hallucinations, she did not need assistance for self-care, and she was competent enough to handle funds without assistance. (AR at 287-89, 539). However, ALJ Everstine's

description of Dr. Parikh's opinion is misleading because it ignores the significant symptoms identified by Dr. Parikh that restrict Plaintiff's ability to work (*e.g.*, depression, sleep disturbances, impaired insight, impaired memory, poor coping mechanisms, and questionable impulse control). (AR 285, 289, 295). ALJ Everstine was obligated to consider the evidence as a whole in making the disability determination. *See Clem v. Sullivan*, 894 F.2d 328, 320 (9th Cir. 1990) ("We consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion").

ALJ Everstine also discounted Dr. Parikh's opinion because it was not supported by psychological testing. (AR at 539). It was improper for ALJ Everstine to reject Dr. Parikh's opinion simply due to a lack of psychological testing. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (When a treating physician diagnosed claimant with depression, set forth clinical observations supporting the diagnosis, and prescribed psychotherapeutic drugs, ALJ erred in finding claimant had not set forth sufficient evidence to substantiate mental impairment). Dr. Parikh's records reveal that every time he examined Plaintiff he assessed Plaintiff's mental status and evaluated Plaintiff's medications. (AR at 251-57, 267, 269). While his notations were often brief, he described his clinical findings and Plaintiff's symptoms in greater detail in the mental evaluation forms. (AR at 285-93). If ALJ Everstine questioned the objective basis for Dr. Parikh's opinion, he should have inquired further. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

Finally, in rejecting Dr. Parikh's opinion, ALJ Everstine relied on

the opinions of two examining psychiatrists, Chris H. Ho, M.D. and Alex Dusovich, M.D. (AR at 190-94, 214-17, 540). These doctors, both of whom examined Plaintiff on only a single occasion, concluded that Plaintiff did not suffer from a mental impairment that would preclude her from performing work related activities. (AR at 193-94, 217). Specifically, in July 1997, Dr. Ho found that although Plaintiff suffered from alcohol abuse and dependence, she was capable of making simple social, occupational, and personal adjustments. (AR at 216-17). Dr. Ho further found that Plaintiff could work at simple tasks at a normal pace, provided that she is not using alcohol. (AR at 217). In December 1997, Dr. Dusovich diagnosed Plaintiff as suffering from adjustment disorder, chronic with depressed mood and "alcohol abuse vs. dependence." (AR at 193). Dr. Dusovich concluded that Plaintiff was capable of: understanding, remembering, and following simple and detailed instructions; functioning appropriately in a usual work setting in such matters as attendance, safety and changes in work routine; and responding appropriately to co-workers, supervisors, and the general public. (AR at 193-94). Plaintiff contends, and the Court agrees, that these examining doctors' opinions were not a valid basis for rejecting Dr. Parikh's opinion or concluding that her psychiatric impairment was not severe.

An examining physician's opinion constitutes substantial evidence for rejecting a treating physician's opinion if the examining physician relied on "independent clinical findings that differ from the findings of the treating physician." *Orn*, 495 F.3d at 631-32. Even if there is substantial evidence in the record contradicting a treating physician's opinion, the treating physician's opinion is "still entitled to deference and must be weighed using the following factors: "[l]ength of

the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 631-33. Other factors to be considered include the supportability of the treating physician's opinion, consistency with the record as a whole, the specialization of the physician, and the extent to which the physician is familiar with disability programs and evidentiary requirements. 20 C.F.R. §§ 404.1527(d)(3)-(6), 416.927(d)(3)-(6). Thus, "[i]n many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." S.S.R. 96-2p; *Orn*, 495 F.3d at 632-633.

    Here, Dr. Parikh's opinion was entitled to deference. SSR 96-2p; *Orn*, 495 F.3d at 632-633. Indeed, the factors identified in the regulations weigh in favor of Dr. Parikh's opinion. 20 C.F.R. §§ 404.1527, 416.927. For example, the nature and extent of Plaintiff's relationship with Dr. Parikh provides a unique longitudinal perspective on Plaintiff's mental condition, adding weight to Dr. Parikh's opinion. *See* 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii); *Orn*, 495 F.3d at 633. As discussed above, Plaintiff treated with Dr. Parikh and/or other physicians at the Augustus F. Hawkins Mental Health Center from April 1998 through at least August 1999. (AR at 285, 294). Dr. Parikh offered diagnoses of Plaintiff's mental condition, made clinical findings, assessed Plaintiff's ability to work, and prescribed medications. (AR at 251-55, 267, 269, 285-94). While Dr. Parikh's treatment records do not reveal detailed discussions regarding Plaintiff's mental condition, "[t]he primary function of medical records

is to promote communication and recordkeeping for health care personnel - not to provide evidence for disability determinations." *Orn*, 495 F.3d at 634. And, Dr. Parikh did provide a more reasoned explanation for his opinion in the mental assessment forms. (AR at 285-93); *see* 20 C.F.R. §§ 404.1527(d)(3) ("Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."), 416.927(d)(3) (same); *see also Orn*, 495 F.3d at 634 ("a medical condition [need not] be mentioned in every report to conclude that a physician's opinion is supported by the record"). Thus, when viewed in its entirety, the record provides ample support for Dr. Parikh's opinion.

Accordingly, ALJ Everstine's decision to reject the opinion of Plaintiff's treating psychiatrist, Dr. Parikh, was not supported by substantial evidence.

**IV.  Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *See Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003); *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Harman*, 211 F.3d at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the

claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.; Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, there are outstanding issues that must be resolved before a determination of disability can be made. *See, e.g. Bunnell*, 336 F.3d at 1115-16 (remanding for reconsideration where, inter alia, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's] subjective complaints"). As ALJ Everstine failed to adequately evaluate Dr. Parikh's opinion, issues remain as to the nature and extent of Plaintiff's mental impairment, and its impact, if any, on Plaintiff's ability to perform her past work or other work during the relevant time period. Thus, the Court cannot find that "the record has been fully developed" or that "further administrative proceedings would serve no useful purpose." *See Smolen*, 80 F.3d at 1292. Consequently, further administrative proceedings are necessary.

## **ORDER**

**IT IS HEREBY ORDERED** that this action be **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as described above.

Dated:   September 24, 2008

_____
Marc L. Goldman
United   States   Magistrate   Judge